*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 12-CM-606

JESSICA A. LIHLAKHA, APPELLANT,

v.

UNITED STATES, APPELLEE.

Appeal from the Superior Court of the
District of Columbia
(CMD-16417-11)

(Hon. Truman A. Morrison III, Trial Judge)

(Argued November 7, 2013                    Decided August 20, 2015)

*R. Michael LaBelle* for appellant.

*Clare Pozos* for appellee. *Ronald C. Machen Jr.*, United States Attorney at the time the brief was filed, and *Elizabeth Trosman, Elizabeth H. Danello*, and *Ann K. H. Simon*, Assistant United States Attorneys, were on the brief, for appellee.

Before GLICKMAN and EASTERLY, *Associate Judges*, and FERREN, *Senior Judge*.

FERREN, *Senior Judge*: On April 24, 2014, this court affirmed Jessica A. Lihlakha's conviction for unlawful entry, and held that the evidence was sufficient to support her conviction of misdemeanor receipt of stolen property (RSP); but we remanded the record—not the case—to the trial court for further findings relevant

to Lihlakha's "return for reward" defense to the RSP charge.[1]  In this case of first impression, we identified four elements necessary to establish the defense by negating the intent, required by statute at the time,[2] to prove RSP.  We concluded that the defense will be satisfied if the evidence shows that:

> (1) The reward had been announced, or was believed to have been announced, before the property was possessed or agreed to be possessed; (2) the person claiming the reward had nothing to do with the theft; (3) the possessor returned the property without unreasonable delay to the rightful owner or to a law enforcement officer; and (4) the possessor imposed no condition on return of the property.[3]

On July 25, 2014, the trial court issued an "Order on Remand" finding that Lihlakha had satisfied the third and fourth elements of the defense; that it was

_____

[1] *Lihlakha v. United States*, 89 A.3d 479, 490 (D.C. 2014) ("We note . . . that even though the evidence may be sufficient to sustain a conviction, it does not compel it.  As an appellate court, we do not make findings of fact and therefore may not rule on our own reading of the evidence unaided by the trial court's findings as to the return-for-reward defense.  Nor may we assume at this time that the trial judge's skepticism about Lihlakha's credibility would determine the verdict when the judge evaluates the evidence anew in light of that defense.  Accordingly, we remand the record to the trial court for resumed consideration, and to make findings of fact responsive to the legal criteria we announce here.") (footnotes omitted).

[2] *Id*. at 483 n.4

[3] *Id*. at 488.

"unclear" whether she had satisfied the first element; and that she had failed to satisfy the second element. More specifically, the court found that Lihlakha "had something to do with the theft."[4]

Lihlakha contends, first, that the government, not the defendant, has the "burden of proof"—specifically, the "burden of disproving" the return-for-reward defense "beyond a reasonable doubt" when "sufficiently . . . raised." Next, she argues that the trial court's inability to find whether the reward had been announced (or believed announced) before or after the item had been possessed (or possession agreed upon) reflected the government's failure to prove beyond a reasonable doubt that the reward had been announced *after* possession, in refutation of the first element of Lihlakha's defense. Finally, Lihlakha maintains that the government failed to satisfy the same, required burden of proof in support of the trial court's finding (as to the second element) that she "had something to do with the theft."

_____

[4] Order on Remand at 6. On October 28, 2014, this court ordered Lihlakha to file a response, if any, to the trial court's findings within 21 days; ordered the government to file an answer within 14 days thereafter; and ordered Lihlakha to file any reply within 10 days of the government's answer. Lihlakha filed her response on November 20, and the government filed its answer, styled a Motion for Summary Affirmance, on December 3. Lihlakha did not reply.

We agree with Lihlakha that, because her defense goes to her intent—an element of the offense which the government must prove—the government bears the burden of proving beyond a reasonable doubt (commonly known as the "burden of persuasion")[5] that her defense fails, *provided*, as Lihlakha acknowledges, that she has "sufficiently raised" the defense. This means that she must have identified evidence, "from either the prosecution or defense" case,[6] "sufficient for a reasonable jury to find in [her] favor."[7] Once the defendant satisfies that predicate requirement (commonly called the "burden of production"),[8] "the government then bears the burden to prove beyond a reasonable doubt that the defendant did not act"[9] as the defense has contended—for example, under duress[10] or provocation,[11] or with justification or excuse,[12] or in self-defense,[13] or, as in our

_____

[5] *Comber v. United States*, 584 A.2d 26, 41 (D.C. 1990) (en banc) ("government bears the ultimate burden of persuasion" to disprove defenses of justification, excuse, and mitigation).

[6] *McCrae v. United States*, 980 A.2d 1082, 1086 (D.C. 2009).

[7] *Id.*

[8] *Logan v. United* States, 483 A.2d 664, 673 n.11 (D.C. 1984).

[9] *McCrae*, 980 A.2d at 1086 n.4.

[10] *Id.*

[11] *Logan*, 483 A.2d at 673 n.11.

[12] *Comber*, 584 A.2d at 41.

[13] *Swann v. United States*, 648 A.2d 928, 930 n.6 (D.C. 1994).

case, with the intent required for conviction of RSP. Of course, the same burden-shifting applies, as here, in a bench trial when the court essentially instructs itself, not a jury.[14]

We shall assume, in this case, that Lihlakha's evidence in support of each element[15] of her return-for-reward defense is sufficient on this record to shift the burden of "proof" or "persuasion" to the government. On the other hand, the government needs only to prove beyond a reasonable doubt that Lihlakha has failed to meet one of the four elements of the defense, in order to prove that the defense in its entirety fails. Thus, solely for the sake of argument, we shall assume that Lihlakha has satisfied the first element (on which the court could make no finding) in addition to the third and fourth elements (found satisfied by the court),

---

[14] On occasion, we have characterized this burden of production in the context of a defendant's request for a jury instruction: a "defendant is entitled to a jury instruction on any issue fairly raised by the evidence, . . . however weak that evidence may be, as long as a reasonable juror could credit the evidence." *McCrae*, 980 A.2d at 1086 n.4 (quoting *Frost v. United States*, 618 A.2d 653, 662 n.18 (D.C. 1992) (citations and internal quotation marks omitted)). However, we have added an important clarification: "It is not correct that any evidence, however weak, entitles the defendant to an instruction; rather, there must exist *evidence sufficient to find in the defendant's favor*," or "[i]n other words . . . evidence . . . sufficient to create a prima facie defense." *Id.* (emphasis added).

[15] *See United States v. Bailey*, 444 US. 394, 415 (1980) ("[I]t is essential that the testimony given or proffered meet a minimum standard as to each element of the defense, so that, if a jury finds it to be true, it would support an affirmative defense.").

and focus exclusively on the second element, where the court found that Lihlakha "had something to do with the theft."

Lihlakha acknowledges that in this court's initial opinion we held that the evidence was sufficient for a finding that Lihlakha's defense failed.[16] Accordingly, the evidence would be sufficient for conviction of RSP if, after the remand to study our announced defense, the trial court found a defense failure. Lihlakha therefore asks us to reopen our review of the "entire record including that which has been developed on remand." There is, however, no record developed on remand other than the trial court's Order, which reflected a careful examination of the trial record followed by findings based on that record akin to the observations and conclusions in our initial opinion.[17] Suffice it to say, first, that the trial court— presumed to know and apply the government's burden of persuasion[18]—correctly

_____

[16] We said: "[F]rom the testimony of Banks, Investigator Tarpley, and Lihlakha herself there is evidence sufficient for a finding that, by assisting Tony [Kool-Aid], Lihlakha had a culpable 'intent to deprive' the rightful owner of her laptop because she had something 'to do with the theft.'" *Lihlakha*, 89 A.3d at 489.

[17] See *supra* note 16; *see also Lihlakha*, 89 A.3d 491 (Easterly, J., concurring).

[18] *See In re C.T.*, 724 A.2d 590, 597 (D.C. 1999) ("Absent any indication to the contrary, we presume that the trial judge knew the proper standard of proof to apply and did in fact apply it."); *Wright v. Hodges*, 681 A.2d 1102, 1105 (D.C. 1996) ("trial judges are presumed to know and apply the proper legal standards").

imposed that burden here. Moreover, we perceive no error in the trial court's ultimate finding that, "[t]aken together, this evidence enables this court to find established beyond a reasonable doubt that defendant was involved in the theft by virtue of the character of her working relationship with the man "Kool-Aid."

Counsel, however, makes a final request, asking us to recognize an inconsistency in the trial court's finding that Lihlakha altogether lacked credibility when giving her trial testimony, but then taking Lihlakha at her self-incriminatory word when admitting to Investigator Tarpley that "Kool-Aid told her that he had a stolen laptop and that if she returned the laptop, she could keep $700 and give him $300 of the $1000 reward." Counsel does not question the admission of Lihlakha's hearsay statement to Tarpley, and we agree with the government that "[t]here is nothing remotely inconsistent about Judge Morrison's crediting testimony about what appellant said to the victim and to law enforcement during and immediately after the crime . . . and his declining to credit appellant's self-serving trial testimony, which he found to be internally 'inconsistent' and apparently 'fashioned on the fly.'"

For all the foregoing reasons, we conclude that the return-for-reward defense fails, and that Lihlakha's RSP conviction must therefore be affirmed.

*So ordered.*